UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARK W. POINTER, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:05-cv-1141-SEB-JMS |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**Entry Discussing Complaint for Judicial Review**

Mark W. Pointer ("Pointer") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision is **affirmed.**

**I. Background**

Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff was not under a disability at any time prior to the final decision of the Commissioner. If such evidence exists and if the Commissioner's decision is otherwise free of legal error, that decision must be affirmed.

Pointer filed an application for DIB alleging that he became unable to work on July 16, 1999. After administrative denials, a hearing was conducted before an Administrative Law Judge ("ALJ") on August 7, 2003. The ALJ issued a written decision on August 29, 2003, finding Pointer not disabled. The Appeals Council denied review, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over Pointer's complaint pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

## II.  Discussion

### A.  Applicable Law

In order to be entitled to DIB, the claimant must establish a "disability" under the Act. *Brewer v. Chater,* 103 F.3d 1384, 1390 (7th Cir. 1997), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *Zurawski v, Halter,* 245 F.3d 881, 885 (7th Cir. 1997). To establish a "disability" the claimant must show he is suffering from a medically determinable physical or mental impairment which can be expected to last for at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). Additionally, an individual shall be considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work." 42 U.S.C. § 1382c(a)(3)(B). This inability to engage in substantial gainful work must itself last, or be expected to last, for at least twelve months. *Barnhart v. Walton,* 535 U.S. 212 (2002).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater,* 105 F.3d 1151, 1154 (7th Cir. 1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart,* 357 F.3d 697, 699-700 (7th Cir. 2004).

The task which a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. 42 U.S.C. § 405(g); *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). "An ALJ's findings are supported by substantial evidence if the ALJ identifies supporting evidence in the record and builds a logical bridge from that evidence to the conclusion. However, where the ALJ's decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Giles ex rel. Giles v. Astrue,* 483 F.3d 483, 486 (7th Cir. 2007)(internal citations omitted).

### B. Analysis

It is undisputed that Pointer satisfies the first two requirements–he is not employed and his impairments are "severe" within the meaning of the Social Security Administration's regulations. The impairments are described by the ALJ as degenerative disc disease, degenerative joint disease, status post partial medial meniscectomy for a torn right medial meniscus and torn right lateral meniscus, status post left shoulder separation, osteoarthritis, sleep apnea, hypertension and obesity. The ALJ determined at steps 3-5 of the sequential analysis that (1) Pointer did not have an impairment listed in or medically equal to one listed in the Listing of Impairments, (2) Pointer had the residual functional capacity ("RFC") to perform a limited range of sedentary work activity,[1] (3) Pointer was unable to perform his past relevant work, and (4) considering Pointer's age, education, work experience, and RFC, there are a significant number of jobs that exist in the regional economy which Pointer could perform. With these findings in hand, and through the application of applicable rules, the ALJ concluded that Pointer was not under a "disability" as defined in the Act at any time on or before the date of the ALJ's decision.

Pointer argues in support of his complaint that the ALJ mis-characterized the evidence in various respects, that the Commissioner failed to meet his burden at Step 5 of the sequential analysis, and that the Commissioner also erred in relying on the "grid" when assessing Pointer's non-exertional limitations. Pointer also argues that the ALJ erred in his credibility determination and in explaining that determination and that the Commissioner erred at Step 3 by applying new regulations retroactively.

As to this last point, the retroactive application of the disability guidelines was not improper here. *Combs v. Commissioner of Social Security,* 459 F.3d 640 (6th Cir. 2006) (en banc); *Curran-Kicksey v. Barnhart,* 315 F.3d 964 (8th Cir. 2003); *Smith v. Apfel,* 154 F.Supp.2d 954, 957 (W.D.Texas 2001) (finding that the regulation in effect at the time of the ALJ's decision is the one that applies absent other express provision).

- Pointer argues that the ALJ's Step 3 determination was in error. However, the ALJ mentioned the specific Listings which he was considering–Listing 1.02, Listing 1.04, Listing 3.10, and Listing 4.03–and noted with respect to each of these in what fashion Pointer's symptoms or the medical evidence itself did not meet or equal a medical listing. This was not a perfunctory analysis, and the observations made by the ALJ in his discussion are supported by the evidence. There was also sufficient information for the ALJ to make an equivalency determination at Step 3, and sufficient evidence to support the reasonableness of the equivalency determination which was made.

---

[1] "Residual functional capacity" is how much an adult can do despite his impairment. *Hickman v. Apfel,* 187 F.3d 683, 689 (7th Cir. 1999). Sedentary work is the least rigorous of the five categories of work recognized by Social Security regulations. "A claimant can do sedentary work if he can (1) sit up, (2) do occasional lifting of objects weighing up to ten pounds, and (3) occasionally walk or stand." *Edwards v. Sullivan,* 985 F.2d 334, 339 (7th Cir. 1993); 20 C.F.R. § 404.1567(a).

- Pointer contends that the ALJ failed to properly evaluate Pointer's testimony about his physical limitations and his ability to perform work. This is an argument that Pointer's credibility "was improperly discarded" in determining his RFC and at Step 5 of the sequential analysis. The credibility of a claimant is considered in light of "the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7p.

> Under Social Security Ruling 96-7p, the ALJ's determination or decision regarding claimant credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." In this regard it is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." *Id.* It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.

*Zurawski v. Halter,* 245 F.3d 881, 887 (7th Cir. 2001). The question of an ALJ's credibility assessment and how such an assessment is treated when there is judicial review of the resulting decision was discussed in *Scheck,* 357 F.3d at 703:

> "The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints." *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). The other factors to be considered by the ALJ are: (1) the claimant's daily activity; (2) the duration, frequency, and intensity of pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *Id.*

The ALJ's decision in this case shows that, as in *Scheck*, the ALJ was aware of these requirements and followed them in making a decision. The credibility determinations of an ALJ are entitled to special deference. *Id.* (citing *Powers v. Apfel,* 207 F.3d 431, 435 (7th Cir. 2000)). The ALJ's discussion of the pertinent factors here is adequate to explain his reasoning from the evidence to his conclusion. This discussion included the history of Pointer's medical care, the results of various diagnostic tests, the results of a functional capacity evaluation, evidence of mental limitations, and evidence of Pointer's symptoms and other limitations. A reviewing court must affirm an ALJ's assessment of credibility unless it is "patently wrong." *See Prochaska v. Barnhart,* 454 F.3d 731, 738 (7th Cir. 2006) (citation omitted); *Sims v. Barnhart,* 442 F.3d 536, 538 (7th Cir. 2006) ("Credibility determinations can rarely be disturbed by a reviewing court, lacking as it does the

opportunity to observe the claimant testifying."). Because there was no legal error in the ALJ's analysis or discussion of factors associated with Pointer's credibility, and because that assessment was not "patently wrong," the court cannot conclude that the ALJ erred in his determination that Pointer's "subjective complaints and allegations concerning the severity of his impairments were not reasonably consistent with the objective medical and other evidence of record."

- Pointer argues that there was error in applying the Medical-Vocational Guidelines, "the Grid," because in doing so the ALJ improperly discounted evidence of nonexertional impairments. It is true that where a nonexertional limitation substantially limits a claimant's ability to perform other work, reliance on the grids is improper. *See Zurawski,* 245 F.3d at 889 (citing *Luna v. Shalala,* 22 F.3d 687, 691 (7th Cir. 1994)). But an ALJ may rely on the grids if he finds the alleged nonexertional impairments not to be credible, or if there is substantial evidence that the limitations in question do not significantly diminish the claimant's ability to work, *Luna,* 22 F.3d at 691-92, and that is the situation with respect to Pointer's asserted nonexertional impairments.

The ALJ followed the prescribed sequential evaluation. The ALJ applied the proper analytical methodology and fairly considered and weighed the evidence in reaching his conclusions. Further, The ALJ's discussion of the evidence as a whole leaves no doubt that (1) the ALJ's explanatory decision shows that he gave thoughtful consideration to the important evidence, *Carlson v. Shalala,* 999 F.2d 180, 181 (7th Cir. 1993), (2) the ALJ's assessment of the evidence supports the conclusion reached, *cf. Groves v. Apfel,* 148 F.3d 809 (7th Cir. 1998), and (3) there was substantial evidence to support the determination that Pointer was not disabled as defined in the Social Security Act through the date of the ALJ's decision.

### III.  Conclusion

There was no error in the assessment of Pointer's application for DIB. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, Pointer is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 05/29/2007

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana